IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| XUEMEI DEVINE dba ANELA'S JEWELRY and CHARLES DEVINE dba ANELA'S JADE,<br><br>Plaintiffs,<br><br>v.<br><br>OPALHAUS TRADING, INCORPORATED dba OPALHAUS; HOKULEA JEWELRY dba HAWAIIHOKULEAJEWELRY; SEASIDE dba SEASIDEAVE8; WENDY LO; MAYTAS MONSEREENUSORN; DOE DEFENDANTS 1-10,<br><br>Defendants. | Case No. 21-cv-00114-DKW-WRP<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER** |

Before the Court is Plaintiffs' *ex parte* motion for a temporary restraining order ("TRO") and an order seizing Defendants' allegedly copyright-infringing merchandise and related documents. Dkt. No. 11. Because Plaintiffs has failed to adequately explain why notice should be excused and how allowing time for the Defendants to respond would result in irreparable harm, the motion is DENIED.

## LEGAL STANDARD

A TRO is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (footnote omitted). A TRO without notice to the adverse party may be granted only where:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The standard for a temporary restraining order is identical to the standard for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). For a Court to grant a preliminary injunction or a TRO, a plaintiff must establish: (1) likely success on the merits; (2) likelihood of irreparable injury absent the injunction; (3) the balance of equities tip in his favor; and (4) the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Winter*, 555 U.S. at 20).

Relevant to the present motion, a Court may grant an *ex parte* seizure application where:

  (B)  the court finds that it clearly appears from specific facts that—

    (i)  an order other than an *ex parte* seizure order is not adequate to achieve the purposes of section 1114 of this title;
    (ii)  the applicant has not publicized the requested seizure;
    (iii)  the applicant is likely to succeed in showing that the person against whom seizure would be ordered used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services;
    (iv)  an immediate and irreparable injury will occur if such seizure is not ordered;
    (v)  the matter to be seized will be located at the place identified in the application;
    (vi)  the harm to the applicant of denying the application outweighs the harm to the legitimate interests of the person against whom seizure would be ordered of granting the application; and
    (vii)  the person against whom seizure would be ordered, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person.

15 U.S.C. § 1116(d)(4)(b).[1]  The party seeking a seizure must also "provide[] the security determined adequate by the court for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or wrongful attempted seizure under this subsection."  15 U.S.C. § 1116(d)(4)(A).

---

[1]Section 503(a)(3) of Chapter 17 of the United States Code makes clear that rules pertaining to seizure applications in trademark disputes apply equally to copyright claims.

3

## **DISCUSSION**

Plaintiffs may, indeed, have valid copyright claims. However, the mechanism they have chosen to enforce those claims requires, as evident above, a high standard of proof that—at least on the current record—Plaintiffs cannot meet. Among other things, Plaintiffs' general assertions regarding COVID-19 and the imagined secret disposing of evidence by Defendants are insufficient to excuse notice and to proceed *ex parte*. Further, nothing in the motion persuades the Court that, absent a TRO, Plaintiffs will suffer *irreparable* injury. For these reasons, the TRO motion and seizure application are DENIED.

**I.      The Absence of Notice**

Plaintiffs contend the Court should excuse the notice of this action and motion to Defendants for two reasons: (1) "the inherent difficulty in giving notice to a party given the increasing problems caused by COVID-19"; and (2) the "highly probable" chance Defendants will "move, hide, or otherwise make the infringing goods inaccessible." Dkt. No. 7-1 at 17–18. The first reason is, at best, unconvincing, and the second wholly unsupported by any factual allegation.

How COVID-19 has inhibited Plaintiffs' ability to provide notice of this action is neither "inherent," apparent, nor obvious to the Court. In fact, the only specificity Plaintiffs offer is that Defendants "may not be operating in their offices at this time." Dkt. No. 7-1 at 17. First, and most obvious, this statement is

4

speculative.  Second and equally obvious is that Plaintiffs have not attempted service or done anything evident to the Court to locate Defendants, much less to determine whether or not they are actually "operating in their offices."  There has been no pre-litigation negotiation or contact of which the Court is aware meaning Defendants are completely in the dark concerning the claims asserted here.

Plaintiffs' assertion that notice should not be afforded because it risks spoliation is as speculative as Defendants' unavailability for service.  Beyond invention, there is simply nothing offered in the record to support Plaintiffs' assessment that spoliation is "highly probable."  *See* Dkt. No. 7-1 at 17–18.  To justify proceeding with an *ex parte* seizure, where a defendant is "likely to dispose of the infringing goods" before a hearing can take place:

> [T]he applicant must do more than assert that the adverse party would dispose of evidence if given notice.  Plaintiffs must *show* that defendants would have disregarded a direct court order and disposed of the goods within the time it would take for a hearing and *must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history*.

*Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citations and internal quotation marks omitted) (emphasis added).  Plaintiffs offer none of this.  Dkt. No. 7–1 at 17–18.  Instead, Plaintiffs appear to *assume* bad faith on the part of Defendants.  This the Court will not do.

5

Again, Plaintiffs may ultimately be entitled to some relief as a result of the claims they assert, but they may not short-circuit that process by eliminating Defendants' ability to respond and be heard under the circumstances presented here.

## II.   The Absence of Irreparable Harm

A preliminary injunction or TRO may not issue where irreparable harm is merely possible.  *Winter*, 557 U.S. at 22-23.  Rather, "injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id.* at 22.  "Evidence of loss of control over business reputation and damages to goodwill could constitute irreparable harm."  *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (citing *Stuhlbarg*, 240 F.3d at 841).  Such harm, however, may not be based on "platitudes" but must be demonstrated with evidence that "irreparable injury is *likely* in the absence of an injunction" and that "legal remedies, such as money damages, are inadequate."  *Id.* (citation and internal quotation marks omitted) (emphasis in original).

Here, Plaintiffs claim "loss of business and goodwill" will continue if the TRO and seizure application are not granted.  Dkt. No. 7-1 at 20; *see also* Dkt. No. 7-2 at ¶ 41; Dkt. No. 7-34 at ¶ 33.  Specifically, sales to wholesalers are down and, to continue to compete in the market, Plaintiffs must constantly create new

6

jewelry designs.  Dkt. No. 7-1 at 20–21; *see also* 7-2 ¶¶ 44–45.  These allegations either constitute the type of "platitudes" that the Ninth Circuit has found insufficient, are unsupported by any *facts*, or can only be reasonably read as alleging a loss of sales, an injury that can be remedied with money damages.  *See NuVasive, Inc. v. Alphatec Holdings, Inc.*, 2018 WL 3361457, at *8 (S.D. Cal. July 10, 2018) ("Potential lost sales alone is not sufficient to manifest irreparable harm") (citing *Abbott Labs v. Andrez Pharm, Inc.*, 452 F.3d 1331, 1348 (Fed. Cir. 2006)).  Accordingly, the Court finds that Plaintiffs have failed at this time to demonstrate the likelihood of irreparable harm, absent an injunction.

## **CONCLUSION**

Plaintiffs' motion for a TRO and seizure application, Dkt. No. 7, are DENIED.  The Court instructs Plaintiffs to (1) serve the Summons and Complaint on Defendants within the time permitted by Federal Rule of Civil Procedure 4(m); (2) serve the motion for a TRO and seizure application on Defendants, to the extent Plaintiffs wish to continue to pursue injunctive relief; and (3) file proof of service of the above with the Court as soon as practicable.

IT IS SO ORDERED.

DATED:  February 26, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Xuemei Devine dba Anela's Jewelry and Charles Devine dba Anela's Jade v. Opalhaus Trading Inc. dba Opalhaus Hokulea Jewelry dba HawaiiHokuleaJewelry; Seaside dba Seasideeave8; Wendy Lo; Maytas Monsereenusorn; Doe Defendants 1–10*, Civil No. 21-00114-DKW-WRP; **ORDER DENYING PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER.**